IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CV-62-FL

| | |
|---|---|
| MATCH FACTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICKEY B. HENSON ENTERPRISES, ) | |
| INC., *d/b/a Appalachian Environmental* ) | |
| *Services*, MICKEY B. HENSON, and ) | |
| DEVELOPERS SURETY AND ) | |
| INDEMNITY COMPANY, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| And, ) | |
| ) | |
| DEVELOPERS SURETY AND ) | |
| INDEMNITY COMPANY, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| REBECCA A. HENSON, ) | |
| ) | |
| Third-Party Defendant. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge David W. Daniel, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). The magistrate judge recommends the following: (1) that Micky B. Henson's ("Mr. Henson") and Appalachian Environmental Services' ("AES") first motion to dismiss (DE # 18) be denied as moot; (2) that Developers Surety and Indemnity Company's ("DSIC") motion to dismiss (DE #22) be

granted; (3) that Mr. Henson and AES' second motion to dismiss (DE # 24) be granted as to AES and stayed as to Mr. Henson; (4) that plaintiff's motion to dismiss counterclaims (DE # 28) be denied as moot; and (5) that Rebecca Henson's ("Ms. Henson") motion to dismiss (DE # 39) be stayed in its entirety. The magistrate judge also recommends that the complaint (DE # 1) be dismissed as to AES and DISC, with leave to re-file in a North Carolina state court having jurisdiction over Jackson County, North Carolina. Finally, the magistrate judge recommends that DSIC's crossclaims against AES and DSIC's counterclaims against plaintiff be dismissed without prejudice. No objections to the M&R have been filed.

The M&R lays out in detail the procedural posture of this case. (M&R 2-3.) Notably, the magistrate judge notes that on January 3, 2011, the court took judicial notice of a bankruptcy petition filed in the United States Bankruptcy Court for the Western District of North Carolina by Mr. Henson and Ms. Henson. Based on this bankruptcy filing, the court stayed the instant action as to any claims asserted against Mr. Henson and Ms. Henson. Accordingly, the magistrate judge recommends that Mr. Henson and AES' second motion to dismiss be stayed as to Mr. Henson, and that Ms. Henson's motion to dismiss be stayed in its entirety. The court agrees with this suggestion.

As to the several pending motions to dismiss in this matter, the magistrate judge closely analyzed each motion and made his recommendations. Among the findings made by the magistrate judge were the following: that plaintiff is subject to the terms and conditions of the subcontract between AES and White Trucking, Inc., and that the forum selection clause lays exclusive venue in the state courts of Jackson County, North Carolina. Thus, venue would not be proper in the Western District of North Carolina. The magistrate judge further found that partial dismissal of plaintiff's claims relating to the subcontract was not appropriate, and to the extent that plaintiff's claims are not stayed based on the bankruptcy proceeding referenced above, they should be dismissed in their

2

entirety. Additionally, the magistrate judge noted that with regard to plaintiff's motion to dismiss DSIC's counterclaims, DSIC noted in its briefing on the motion to dismiss that a ruling favorable to it on the venue issue would render plaintiff's motion to dismiss DSIC's counterclaim moot. The magistrate judge construed this to be evidence of DSIC's intent to constructively abandon its counterclaims against plaintiff, should DSIC's motion to dismiss be granted.

Absent a specific and timely filed objection, the court reviews a magistrate judge's recommendation under 28 U.S.C. § 636(b) only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). The court has carefully considered the complaint and the magistrate judge's analysis. The court agrees with the magistrate judge, and accordingly ADOPTS the M&R (DE # 56) as its own. As such, (1) Mr. Henson's and AES' first motion to dismiss (DE # 18) is DENIED AS MOOT; (2) DSIC's motion to dismiss (DE # 22) is GRANTED; (3) Mr. Henson's and AES' second motion to dismiss (DE # 24) is GRANTED as to AES and STAYED as to Mr. Henson; (4) plaintiff's motion to dismiss counterclaims (DE # 28) is DENIED AS MOOT; and (5) Ms. Henson's motion to dismiss (DE # 39) is STAYED in its entirety. The complaint (DE # 1) is DISMISSED as to AES and DSIC, with leave to re-file in a North Carolina state court having jurisdiction over Jackson County, North Carolina. The complaint remains pending as to Mr. Henson, and DSIC's third party complaint against Ms. Henson remains pending. DSIC's crossclaims against AES and DSIC's counterclaims against plaintiff are DISMISSED without prejudice.

SO ORDERED, this the 23rd day of March, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

3